STOULIG, Judge.
This is an appeal from a judgment awarding plaintiff, Snelling and Snelling of New Orleans, Inc., $2,016, representing the employment-finding fee due by defendant, Thomas H. Elliott, IV, plus $500 attorney fees.
In dispute is whether plaintiff furnished the contact that resulted in defendant’s employment in accordance with the quoted provision of the contract:
“2. I Hereby authorize you to act in my behalf in securing a position for me. Should I accept ANY position with a company or subsidiary to which you have referred me directly or indirectly within 6 months of referral, I agree to pay a fee for professional services in accordance with the schedule contained herein. Acceptance means agreement by me with an employer to begin work.”
It is unquestionable that plaintiff provided the reference that resulted in defendant’s employment as a marine underwriter at a salary of $1,200 per month.
Briefly, on March 26, 1975, defendant contacted plaintiff for a lead to new employment because he was dissatisfied with future prospects at Gulf Coast Marine. One of its counsellors, having heard Lynne, Burney & Marquez — a general agency specializing in fire and casualty insurance— was looking for a marine underwriter, arranged for an interview between defendant and William Burney of the agency. Neither owner of the general agency had marine underwriting experience and after several conferences with defendant, they and Elliott incorporated a business named Maritime Risk, Inc., to write marine insurance. Each of the three owns one-third of the outstanding shares of stock and Elliott receives $1,200 per month. Elliott and Marquez claim the $1,200 per month is a draw against future commissions, while Burney testified it was a salary. The trial court, having heard the corporation at no time required Elliott to reimburse the company for any of the amounts paid out and had no specific plans to do so, concluded defendant found employment for $1,200 per month directly through plaintiff’s efforts.
The defense that defendant was not employed by the company to which he was referred or one of its subsidiaries is merit-less. It is true his associates formed a new corporation to conduct its marine underwriting operation; however it is clear they interviewed defendant because they needed an experienced marine underwriter to expand and that plaintiff furnished the contact that produced defendant’s employment. The business reorganization cannot defeat plaintiff’s rights in this matter.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.